## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

ROBERT FRANCIS ROBBS,       :
    *Plaintiff*,           :     Case No. 3:25-CV-074 (SVN)
                        :
    v.                    :
                        :
KELLIE DECAPUA,         :
    *Defendant*.         :

## SCHEDULING AND CASE MANAGEMENT ORDER

This matter has been brought by Plaintiff as a self-represented inmate or detainee in the custody of the Connecticut Department of Correction ("DOC"), asserting claims against an employee of the State of Connecticut. An Initial Review Order was entered, permitting the Complaint to proceed to service of process, and Defendant was served.[1] Counsel for Defendant filed an appearance on **September 5, 2025**.

In order to assist in the efficient prosecution of this matter, the Court hereby enters the following Orders.

The deadlines set by this Order, and by the Local and Federal Rules of Civil Procedure, **may not be modified by agreement of the parties**. Any modification to the otherwise applicable deadlines must be requested by motion, and must be approved by the Court.

## 1.    PRESERVATION OF EVIDENCE

Counsel for Defendant shall **immediately** confer with Defendant direct Defendant and staff to preserve any video recordings, whether made by stationary, surveillance, or handheld cameras, and any photographs, that may have captured the events giving rise to the Complaint. **Failure to preserve relevant video recordings or photographs may result in the imposition of sanctions.**

---

[1] Because Defendant failed to return a waiver of service, she must show good cause by **September 22, 2025**, why the Court should not impose costs of service on her, pursuant to Federal Rule of Civil Procedure 4(d)(2). *See* Order, ECF No. 47.

Such materials need not necessarily be produced at this time, but must be preserved.

2.    **MATERIALS TO BE PROVIDED BY PLAINTIFF**

On or before **October 20, 2025**, Plaintiff shall provide the following materials to counsel for Defendant:

- A list of any witnesses believed to have relevant information regarding the claims in the Complaint.

- A damages analysis, that is, a statement of any money damages claimed and the basis for such claims.  The damages analysis must state the type of harm Plaintiff suffered, and the basis for any demand for financial compensation for the harm.

- A statement of any non-monetary relief sought by Plaintiff.

- Copies of any grievances, complaints, notices, reports or correspondence in Plaintiff's possession that relate to the claims in the Complaint.

By **October 27, 2025**, Plaintiff shall file a notice of compliance on the docket stating that he has provided these materials to Defendant.

3.    **MATERIALS TO BE PROVIDED BY DEFENDANT**

On or before **October 20, 2025**, Defendant(s) shall provide the following materials to Plaintiff:

- A list of any witnesses believed to have relevant information regarding the claims in the Complaint.

- Copies of any grievances, complaints, notices, reports filed by Plaintiff, or correspondence from Plaintiff, in the possession of Defendant that relate to the claims in the Complaint.

- Copies of any incident reports, reports of investigation, disciplinary reports, or

similar reports in the possession of Defendant relating to the claims in the Complaint.

- If the Complaint includes a claim relating to medical treatment, physical injuries, medication, mental illness, or other medical issues (whether physical or psychological), a copy of relevant medical records for the relevant time period set forth in the Complaint and/or the Initial Review Order, to the extent such records are in the possession, custody, or control of Defendant.

If redactions are made to any materials disclosed, the disclosure must be accompanied by a privilege log indicating the basis for the redactions.

By **October 27, 2025**, Defendants shall file a notice of compliance on the docket stating that they have provided these materials to Plaintiff.

## 4. <u>EARLY DISPOSITIVE MOTIONS/STAY OF DISCOVERY</u>

Defendant shall promptly determine whether there is a basis to dismiss this action, in whole or in part, for any reason, including but not limited to the following: (a) failure to exhaust administrative remedies; (b) lack of jurisdiction; or (c) previous release of some or all claims at issue. If Defendant believes that dismissal of the Complaint, in whole or in part, is warranted, an appropriate motion shall be filed on or before **November 17, 2025**.

If Defendant believes that there is a sound basis to assert that the matter should be dismissed for failure to exhaust administrative remedies, but that such a question must be determined by a motion for summary judgment rather than a motion to dismiss, Defendant may file a preliminary motion for summary judgment on or before **November 17, 2025, on that issue**. The filing of a preliminary motion for summary judgment on the issue of exhaustion will not preclude the filing of a full motion for summary judgment at a later date.

The filing of a well-pleaded early dispositive motion under this provision by the deadline of **November 17, 2025, will automatically stay any and all discovery other than the disclosures required by this Order.**

If no early dispositive motion is filed, discovery will proceed in accordance with the Federal Rules of Civil Procedure and Section 5 of this Order. **Discovery will <u>not</u> be automatically stayed during the pendency of any motion to dismiss or other dispositive motion filed <u>after</u> November 17, 2025**.

If no early dispositive motion is filed, Defendant must file an Answer to the Complaint on or before **November 17, 2025**.  This Order grants generous extensions of the ordinary deadlines for the filing of a response to a Complaint.  Accordingly, **the Court does not anticipate granting any extensions of these deadlines.**

5.    <u>**DISCOVERY AND DISPOSITIVE MOTIONS**</u>

No discovery requests may be **propounded** until **November 24, 2025**.  If an early dispositive motion is not filed by **November 17, 2025**, the parties may commence written discovery as set forth below.

All discovery will be **completed** (not propounded) by **June 8, 2026.**  In order to ensure that this deadline is met, all written discovery requests must be **propounded** on or before **March 8, 2026**.

**Discovery Relating to Expert Witnesses**:  If either party intends to call an expert witness, an expert witness disclosure, consistent with Federal Rule of Civil Procedure 26(a)(2), shall be provided to the opposing party on or before **March 8, 2026.**

**Motions to Compel**:  Any motion for an order compelling disclosure or discovery pursuant to Fed. R. Civ. P. 37(a) must be filed **within 30 days after the response was due under the Rules**

of Civil Procedure.  Ordinarily, that will mean any motion to compel must be filed **within 60 days of the service of the request**.  If the Court has previously expressly granted an extension of the deadline for serving the response at issue, any motion to compel must be filed **within 30 days of the extended response deadline**.

If the parties are negotiating in good faith in an attempt to resolve the discovery dispute, a motion to extend the deadline to file a motion to compel may be filed.  Failure to file a timely motion to compel in accordance with this scheduling order constitutes a waiver of the right to file a motion to compel.

Any motions relating to discovery must comply fully with the Local Rules, as well as the Federal Rules of Civil Procedure.  **Counsel for Defendant and Plaintiff are directed to review Local Rule 37 before filing any discovery motion**.  Failure to comply with the Local and Federal Rules, and with this Order, may result in summary denial of any such motions.

**Dispositive Motions**:  Any motion for summary judgment or for judgment on the pleadings must be filed no later than **July 8, 2026**.  If neither party files a dispositive motion by this date, a pre-trial conference will be scheduled to set deadlines for the filing of a joint trial memorandum and a date for trial.

## 6.    STATUS REPORTS

If this matter has proceeded to discovery under Section 5 of this Order, Defendant and Plaintiff shall file separate status reports on or before **March 8, 2026**.  The report must address the matters that are relevant to the case at the time and provide each of the following items:

**(1)** a detailed description of the discovery conducted up to the date of the report, and any significant discovery yet to be completed;

**(2)** the remaining deadlines set in the case, and whether the party filing the status report

expects to seek any extensions of those deadlines;

(**3**) whether the party filing the status report expects to file any dispositive motions;

(**4**) whether the party filing the status report consents to the jurisdiction of a Magistrate Judge for all purposes, including trial; and

(**5**) whether the party filing the status report seeks referral for a settlement conference. Counsel for Defendant must confirm that she or he has <u>expressly</u> discussed this question with Defendant within the 30-day period preceding the filing of the status report.

Defendant and Plaintiff shall also file separate status reports on or before **June 15, 2026**, confirming discovery is complete and addressing the following:

(**1**) whether any party intends to file a disposition motion;

(**2**) whether the parties consent to the jurisdiction of a Magistrate Judge for all purposes, including trial;

(**3**) the parties' estimate of the length of the trial; and

(**4**) whether the party filing the status report seeks referral for a settlement conference. Counsel for Defendant must confirm that she or he has <u>expressly</u> discussed this question with Defendant within the 30-day period preceding the filing of the status report.

## 7.    <u>**EXTENSIONS OF TIME**</u>

All dates set forth in this Order are firm and will be extended only for good cause.  The good cause standard requires a particularized showing that, despite due diligence, the party seeking the extension could not comply with this Order.  Because of the importance of the discovery deadline to the entire schedule, motions to extend the discovery deadline will be viewed with disfavor.  A motion to extend the discovery deadline will not be granted unless the movant shows

that discovery was commenced promptly and pursued with due diligence in a good faith effort to comply with the deadline established by this order. **Any motion for extension of a deadline must comply with Local Rule 7**.

       **Counsel for Defendant shall provide Defendant with a copy of this Order within ten (10) days.**

       **SO ORDERED** at Hartford, Connecticut, this 8th day of September, 2025.

                         */s/ Sarala V. Nagala*
                         SARALA V. NAGALA
                         UNITED STATES DISTRICT JUDGE